UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| **JOSEPH BAMBERG,**<br>**Individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**THE RESULTS COMPANIES, LLC**<br><br>**Defendant.** | Civil Action No. _____<br><br><br>**JURY TRIAL DEMANDED**<br><br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(B)** |

**ORIGINAL COLLECTIVE ACTION COMPLAINT**

Plaintiff Joseph Bamberg ("Plaintiff" or "Bamberg"), brings this action individually and on behalf of all current and former hourly call-center employees (hereinafter "Plaintiff and the Putative Class Members" or "Plaintiff and the FLSA Collective Members") who worked for The Results Companies, LLC ("The Results Companies" or "Defendant"), anywhere in the United States, at any time from July 13, 2017 through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §§ 201, *et seq*, and the Virginia Wage Payment Act ("VWPA"), VA. CODE ANN. § 40.1–29.

Both Plaintiff's FLSA claim and Virginia state law claim are asserted as collective actions under Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

# I.
# OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19 and a collective action pursuant to the state laws of Virginia pursuant to VA. CODE ANN. § 40.1-29 (which incorporates the collective action mechanism in 29 U.S.C. § 216(b)) to recover unpaid wages, overtime wages, and other applicable penalties.

2. Plaintiff and the Putative Class Members are those similarly situated persons who have worked for The Results Companies in call centers, anywhere in the United States, at any time from July 13, 2017 through the final disposition of this matter, and have not been paid for all hours worked nor the correct amount of overtime in violation of federal and state law.

3. Specifically, The Results Companies enforced a uniform company-wide policy wherein it improperly required its hourly call-center employees—Plaintiff and the Putative Class Members—to perform work "off-the-clock" and without pay.

4. The Results Companies' illegal company-wide policy has caused Plaintiff and the Putative Class Members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5. Although Plaintiff and the Putative Class Members have routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6. The Results Companies knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis during the relevant time period.

7. Plaintiff and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA or relevant state law.

8. Plaintiff and the Putative Class Members seeks to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid overtime and other damages owed under Virginia state law as a collective action pursuant to 29 U.S.C. § 216(b).

9. Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

10. Plaintiff Joseph Bamberg ("Bamberg") was employed by The Results Companies during the relevant time period. Plaintiff Bamberg did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

11. The FLSA Collective Members are those current and former hourly call-center employees who were employed by The Results Companies, anywhere in the United States, at any time from July 13, 2017 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Bamberg worked and was paid.

12. The Virginia Class Members are those current and former hourly call-center employees who were employed by The Results Companies, anywhere in the state of Virginia, at any time from July 13, 2017 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Bamberg worked and was paid.

---

[1] The written consent of Joseph Bamberg is hereby attached as Exhibit "A."

13. Defendant The Results Companies, LLC ("The Results Companies") is a Foreign Limited Liability Company, licensed to and doing business in the State of Florida, and can be served through its registered agent: **Cogency Global Inc., 115 North Calhoun Street, Suite 4, Tallahassee, Florida 32301**.

## III.
## JURISDICTION & VENUE

14. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 *et. seq.*

15. This Court has supplemental jurisdiction over the additional Virginia state law claims pursuant to 28 U.S.C. § 1367.

16. This Court has personal jurisdiction over The Results Companies because the cause of action arose within this District as a result of The Results Companies' conduct within this District and Division.

17. Venue is proper in the Southern District of Florida because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

18. Specifically, The Results Companies' corporate headquarters are located in Fort Lauderdale, Florida, which is located in this District and Division.

19. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

20. The Results Companies, LLC is a customer engagement and contact center that provides customer services, technical support, and sales and marketing support to their business clients.[2]

21. Plaintiff and the Putative Class Members' job duties consisted of making and answering phone calls made by The Results Companies' business clients' customers.

22. Plaintiff Bamberg was employed by The Results Companies as a customer service agent in Martinsville, Virginia from approximately May 2017 until November 2019.

23. Plaintiff and the Putative Class Members are non-exempt call-center employees who were (and are) paid by the hour.

24. Plaintiff and the Putative Class Members typically worked approximately forty (40) "on-the-clock" hours per week.

25. In addition to their forty (40) "on-the-clock" hours, Plaintiff and the Putative Class Members worked up to five (5) hours "off-the-clock" per week and have not been compensated for that time.

### Unpaid Start-Up Time

26. Plaintiff and the Putative Class Members have not been compensated for all of the hours they worked for The Results Companies as a result of The Results Companies' corporate policy and practice of requiring their hourly call-center employees to clock-in only when ready to take their first call.

27. Specifically, Plaintiff and the Putative Class Members are required to start and log-in to their computer, read emails and alerts from The Results Companies, open multiple different

---

[2] https://www.theresultscompanies.com/company/about-us.

computer programs, log in to each program, and ensure that each program is running correctly—all of which can take up to twenty-five minutes each day—before they are allowed to clock in on the hard phone or computer software application and then take their first phone call.

28. If Plaintiff and the Putative Class Members are not ready and on the phone at shift start, they can be (and often are) subject to discipline.

29. If Plaintiff and the Putative Class Members clock in and do not begin accepting calls within a minute of clocking in, they are also subject to discipline.

30. Therefore, the only way to be ready on time, and avoid discipline, is to prepare the computer "off-the-clock."

31. During this start up time, Plaintiff and the Putative Class Members were not compensated although they were expected to have completed this process in advance of their official start times.

32. Since the beginning of the Corona Virus pandemic, The Results Companies now requires Hourly Call-Center Employees to complete a health-related questionnaire, which must be completed at least one hour to thirty (30) minutes prior to the employee's shift start time.

33. Plaintiff and the Putative Class Members cannot clock in prior to their shift start time, therefore this health-related quiz must also be performed off-the-clock.

### Unpaid Work During the Meal Period Break

34. The Results Companies provides Plaintiff and the Putative Class Members with one unpaid meal break each day.

35. However, The Results Companies requires Plaintiff and the Putative Class Members to perform "off-the-clock" work during their unpaid meal break.

36. Plaintiff and the Putative Class are required to stay on the clock and on call until the minute their meal break begins, then they must clock out, perform a lengthy shut down process,

then log out of the phone system or otherwise go into an aux mode, and then log off of their computer prior to leaving their desk for their meal break.

37. Plaintiff and the Putative Class Members are required to log back into their computer, perform a restart process, log back into the phone system, then clock in, and be back on the phone before their meal break ends.

38. The log off process used prior to taking a meal break can take anywhere from one to three minutes.

39. The log in process used after returning from a meal break can take anywhere from another one to three minutes.

40. This lengthy log off and log in procedure had to be performed during Plaintiff and the Putative Class Members' meal break per The Results Companies' policy.

**Unpaid Re-Boot Times**

41. Further, Plaintiff and the Putative Class Members' computers crashed multiple times each week and required Plaintiff and the Putative Class Members to reset them, which took ten (10) minutes or more each time.

42. Plaintiff and the Putative Class Members were also not compensated for the time they worked for The Results Companies rebooting The Results Companies' computers after they crashed.

**Unpaid Rest Breaks Lasting Twenty Minutes or Less**

43. In addition, The Results Companies also enforced a uniform company-wide policy wherein they improperly required Plaintiff and the Putative Class Members—to clock out for rest breaks lasting twenty minutes or less. 29 C.F.R. § 785.18; *see also Sec'y U.S. Dep't of Labor v. Am. Future Sys., Inc.*, 873 F.3d 420, 425 (3d Cir. 2017).

44. The Results Companies permitted Plaintiff and the Putative Class Members to take two fifteen-minute breaks each day but required them to clock out for any and all breaks taken outside the two fifteen-minute breaks.

45. As a result of The Results Companies' corporate policy and practice of requiring Plaintiff and the Putative Class Members to perform their computer start up tasks before the beginning of their shifts, perform log-in log out processes during their unpaid meal breaks, and requiring Plaintiff and the Putative Class Members to clock out for short breaks, Plaintiff and the Putative Class Members were not compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

46. The Results Companies has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff Bamberg.

47. The Results Companies is aware of its obligation to pay overtime for all hours worked and the proper amount of overtime for all hours worked in excess of forty (40) each week, but has failed to do so.

48. Because The Results Companies did not pay Plaintiff and the Putative Class Members for all hours worked and time and a half for all hours worked in excess of forty (40) in a workweek, The Results Companies' pay policies and practices violate the FLSA.

49. Because The Results Companies did not pay Plaintiff and the Putative Class Members for all hours worked on behalf of The Results Companies, The Results Companies' pay policies and practices also violate Virginia state law.

## V.
## CAUSES OF ACTION

### COUNT ONE
**(Collective Action Alleging Violations of the FLSA for Overtime Compensation)**

**A.   FLSA COVERAGE**

50.   Plaintiff Bamberg incorporates by reference paragraphs and allegations 1-49 set forth above as though fully and completely set forth herein.

51.   The FLSA Collective is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY THE RESULTS COMPANIES, LLC, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM JULY 13, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members")**

52.   At all times hereinafter mentioned, The Results Companies has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

53.   At all times hereinafter mentioned, The Results Companies has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

54.   At all times hereinafter mentioned, The Results Companies has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

55. During the respective periods of Plaintiff and the FLSA Collective Members' employment by The Results Companies, these individuals have provided services for The Results Companies that involved interstate commerce for purposes of the FLSA.

56. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

57. Specifically, Plaintiff and the FLSA Collective Members are non-exempt hourly call-center employees of The Results Companies who assisted The Results Companies by calling and receiving calls from The Results Companies' business clients' customers throughout the United States. 29 U.S.C. § 203(j).

58. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

59. The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 51.

60. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of The Results Companies.

**B.    FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

61. The Results Companies has violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206–7, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all of the hours they

worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

62. Moreover, The Results Companies knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked. 29 U.S.C. § 255(a).

63. The Results Companies is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

64. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted The Results Companies to pay them according to the law.

65. The decisions and practices by The Results Companies to not pay for all hours worked and the proper amount of overtime for all hours worked was neither reasonable nor in good faith.

66. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.     COLLECTIVE ACTION ALLEGATIONS**

67. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of The Results Companies' employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they have not been paid.

68. Other similarly situated employees of The Results Companies have been victimized by The Results Companies' patterns, practices, and policies, which are in willful violation of the FLSA.

69. The FLSA Collective Members are defined in Paragraph 51.

70. The Results Companies' failure to pay Plaintiff and the FLSA Collective Members for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of The Results Companies, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

71. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

72. The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

73. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

74. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

75. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and The Results Companies will retain the proceeds of its rampant violations.

76. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

77. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 51 and notice should be promptly sent.

## COUNT TWO
**(Collective Action Alleging Violations of the VWPA for Overtime Compensation)**

**A.     VWPA COVERAGE**

78.     Plaintiff Bamberg incorporates by reference paragraphs and allegations 1-49 set forth above as though fully and completely set forth herein.

79.     The VWPA Collective is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY THE RESULTS COMPANIES, LLC, ANYWHERE IN THE STATE OF VIRGINIA, AT ANY TIME FROM JULY 13, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Virginia Collective" or "Virginia Collective Members")**

80.     At all times hereinafter mentioned, The Results Companies has been an employer within the meaning of the VWPA. VA. CODE ANN. § 40.1–29(a).

81.     At all times hereinafter mentioned, Plaintiff Bamberg and the VWPA Collective Members have been employees within the meaning of the VWPA. VA. CODE ANN. § 40.1–29(a).

82.     Plaintiff Bamberg and the VWPA Collective Members were or have been employed by The Results Companies since July 13, 2017, and have been covered employees entitled to the protections of the VWPA and were not exempt from the protections of the VWPA.

83.     The employer, The Results Companies, is not exempt from paying overtime benefits under the VWPA.

84.     The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 79.

85.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of The Results Companies.

**B.      FAILURE TO PAY WAGES IN ACCORDANCE WITH THE VWPA**

86.     All previous paragraphs are incorporated as though fully set forth herein.

87.     The VWPA requires that The Results Companies pay Plaintiff Bamberg and the VWPA Collective Members all earned wages, including earned overtime, at least twice per month, for wages earned by Plaintiff and the VWPA Collective Members during that calendar month.

88. Plaintiff Bamberg and the VWPA Collective Members were or have been employed by The Results Companies since July 13, 2017 and have been covered employees entitled to the protections of the VWPA.

89. The Results Companies is an employer covered by the requirements set forth in the VWPA.

90. Plaintiff Bamberg and the VWPA Collective Members are not exempt from receiving overtime benefits under the VWPA.

91. Plaintiff Bamberg and the VWPA Collective Members worked more than forty (40) hours in workweeks during times relevant to this case, however, The Results Companies violated the VWPA by failing to pay Plaintiff Bamberg and the VWPA Collective Members the overtime premium for all hours worked over 40 per week.

92. Plaintiff Bamberg and the VWPA Collective Members were not paid all wages, including overtime wages at one and one-half times their regular rates within the month in which those wages were earned.

93. The wages of Plaintiff Bamberg and the VWPA Collective Members remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

94. Plaintiff Bamberg and the VWPA Collective Members have suffered damages and continue to suffer damages as a result of The Results Companies' acts or omissions as described herein; though The Results Companies is in possession and control of necessary documents and information from which Plaintiff Bamberg would be able to precisely calculate damages

95. In violating the VWPA, The Results Companies acted willfully and with intent to defraud, without a good faith basis, and with reckless disregard of applicable Virginia law.

96. The proposed class of employees, i.e. putative class members sought to be certified pursuant to the VWPA, is defined in Paragraph 79.

97. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of The Results Companies.

### C. VWPA COLLECTIVE ALLEGATIONS

98. Plaintiff Bamberg brings his VWPA claims as a collective action pursuant 29 U.S.C. § 216(b) on behalf of all similarly situated individuals employed by The Results Companies in Virginia since July 13, 2017.

99. Other similarly situated employees of The Results Companies have been victimized by The Results Companies' patterns, practices, and policies, which were carried out with an intent to defraud and were in willful violation, of the VWPA.

100. The VWPA Collective Members are defined in Paragraph 79.

101. The Results Companies' failure to pay Plaintiff and the VWPA Collective Members for all hours worked and overtime compensation at the rates required by the VWPA, results from generally applicable policies and practices of The Results Companies, and does not depend on the personal circumstances of Plaintiff or the VWPA Collective Members.

102. Thus, Plaintiff's experiences are typical of the experiences of the VWPA Collective Members.

103. The specific job titles or precise job requirements of the various VWPA Collective Members do not prevent collective treatment.

104. All of the VWPA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

105. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

106. Absent a collective action, many members of the proposed VWPA collective likely will not obtain redress of their injuries and The Results Companies will retain the proceeds of its rampant violations.

107. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

108. Accordingly, the VWPA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 79 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

109. Plaintiff Bamberg respectfully prays for judgment against The Results Companies as follows:

   a. For an Order certifying the FLSA Collective as defined in Paragraph 51 and requiring The Results Companies to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative FLSA Collective Members;

   b. For an Order certifying the VWPA Collective as defined in Paragraph 79 and requiring The Results Companies to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative VWPA Collective Members;

   c. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

   d. For an Order approving the form and content of a notice to be sent to all putative VWPA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

   e. For an Order pursuant to Section 16(b) of the FLSA finding The Results Companies liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit).

   f. For an Order pursuant to Virginia law awarding Plaintiff Bamberg and the VWPA Collective Members unpaid wages, treble damages, and other damages allowed by law;

   g. For an Order awarding the costs and expenses of this action;

   h. For an Order awarding attorneys' fees;

   i. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

   j. For an Order awarding Plaintiff Bamberg a service award as permitted by law;

   k. For an Order compelling the accounting of the books and records of The Results Companies, at The Results Companies' expense; and

   l. For an Order granting such other and further relief as may be necessary and appropriate.

Date: July 14, 2020			Respectfully submitted,

**MORGAN & MORGAN, P.A.**

By:	/s/ *C. Ryan Morgan*
	**C. Ryan Morgan, Esq.**
	FBN 0015527
	20 N. Orange Ave., 16th Floor
	P.O. Box 4979
	Orlando, FL 32802-4979
	Telephone:	(407) 420-1414
	Facsimile:	(407) 245-3401
	Email: rmorgan@forthepeople.com

**ANDERSON ALEXANDER, PLLC**

By:	/s/ *Clif Alexander*
	**Clif Alexander**
	(*pro hac vice application forthcoming*)
	Texas Bar No. 24064805
	clif@a2xlaw.com
	**Austin W. Anderson**
	(*pro hac vice application forthcoming*)
	Texas Bar No. 24045189
	austin@a2xlaw.com
	819 N. Upper Broadway
	Corpus Christi, Texas 78401
	Telephone: (361) 452-1279
	Facsimile: (361) 452-1284

	***Attorneys for Plaintiff and the Putative Class Members***