UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-61420-CIV-DIMITROULEAS/SNOW

JOSEPH BAMBERG, ANGELA WILLIS,
and MARLA MURK, Individually
and on behalf of all others similarly
situated,

        Plaintiffs,

v.

THE RESULTS COMPANIES, LLC,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

THIS CAUSE is before the Court on Defendant's Motion for Partial Summary Judgment and Motion to Dismiss and Alternative Motion to Compel Arbitration. (ECF No. 34) The Honorable William P. Dimitrouleas, United States District Judge, referred Defendant's Motion for Dismissal without prejudice of the claims brought by seventy-three (73) of the remaining Plaintiffs in this case, or alternatively to Compel Arbitration to the undersigned United States Magistrate Judge for appropriate disposition or Report and Recommendation.  (ECF No. 35) On October 6, 2020, Plaintiffs filed their Response to Defendant's Motion, advising the Court that it has no opposition to the Defendant's Motion to Compel Arbitration, therefore the Court finds as to this portion of the Motion there is no need for additional

briefing.[1]

## I. **BACKGROUND**

On July 14, 2020, Plaintiff Bamberg (Plaintiff or Bamberg) commenced this putative class action against Defendant The Results Company (Defendant or Results) alleging violations of federal and state law. (ECF No. 1) Specifically, there were previously eighty-one (81) persons identified as plaintiffs in this case. Each of them seeks compensation, liquidated damages and other relief pursuant to Sections 206, 207, and 216(b) of the Fair Labor Standards Act, and comparable relief under the Virginia Wage Payment Act, VA Code Ann. § 40.1-29. On August 24, 2020, Defendant moved to compel arbitration of sixty-nine (69) of the previous eighty-one (81) plaintiffs in this case pursuant to the Federal Arbitration Act, 9 U.S.C. §4. On September 8, 2020, Plaintiffs filed their First Amended Complaint and now identify eighty-five (85) Plaintiffs. On September 22, 2020, Defendants again moved to compel arbitration of seventy-three (73) of the now eighty-five (85) plaintiffs in this case because they all agreed to abide by and signed arbitration agreements.

In February of 2018, Defendant implemented an arbitration program to resolve disputes regarding wages and overtime pay. (ECF No. 23 at 3) Then current employees were required to enter into a Mandatory Arbitration Agreement as a condition of continued employment and individuals hired thereafter were required

---

[1] The parties should complete briefing on the remaining issues that are still before the Court.

to enter into the Agreement as a condition of becoming employed. Id. at 3-4; See Mandatory Arbitration Agreement, ECF Nos. 23-2, 23-3.  The Mandatory Arbitration Agreement requires arbitration of certain "Designated Claims," which includes "all claims or controversies for which a federal or state court or other dispute-resolving body otherwise would be authorized to grant relief, under the Fair Labor Standards Act [ ] or any comparable state or local law related to the payment of wages or compensable work, minimum wages, or overtime pay." Id. The Mandatory Arbitration Agreement specifies that the FAA "govern[s] the interpretation, enforcement, and proceedings pursuant to the arbitration clause of [the] Agreement."  Id. Further, the Agreement specifically prohibits arbitration of claims "as, or on behalf of, a class or group of individuals" unless otherwise agreed in writing.  Id.  An arbitration agreement governed by the FAA, like the one here, is presumed to be valid and enforceable.  It is undisputed that seventy-three (73) of the plaintiffs each agreed to the terms of the Mandatory Arbitration Agreement.[2]  As a result, "Plaintiffs do not oppose arbitration, in this forum, for those individuals who have specifically been identified as subject to an arbitration agreement with a delegation provision . . ." (ECF No. 37 at 2)

---

[2] Plaintiffs incorrectly state that sixty-nine (69) of the Plaintiffs are identified by Defendant but the undersigned finds that this is simply a scrivener's error taken from the prior Response it filed at ECF No. 27 at 2.

## II. LEGAL STANDARD

The Federal Arbitration Act (FAA) places arbitration agreements on equal footing with all other contracts and reflects a "liberal federal policy favoring arbitration." CompuCredit Corp. v. Greenwood, 565 U.S. 95, 98 (2012) (internal quotations and citations omitted). Section 2 of the FAA provides that written arbitration agreements in a contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." Federal Arbitration Act, 9 U.S.C. § 2. "Consistent with the FAA's text, courts must rigorously enforce arbitration agreements according to their terms." Walthour v. Chipio Windshield Repair, LLC, 745 F.3d 1326, 1329–30 (11th Cir. 2014) (internal quotations and citations omitted). Section 4 of the FAA allows "a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration" to request the court to order arbitration "in the manner provided for in such agreement." 9 U.S.C. § 4. Section 3 mandates that when a court concludes an issue is "referable to arbitration under an agreement in writing for such arbitration" the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3.

Indeed, these policies are so strong, that, "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract

language itself or an allegation of waiver, delay, or a like defense to arbitrability." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983); see also Heritage Skin Care, Inc. v. Dyno-Heritage Brands, Inc., No. 03-20282-CIV, 2003 U.S. Dist. LEXIS 11090, 11091 (S.D. Fla. Feb. 25, 2003) (noting if any ambiguity exists as to the scope of the arbitration clause, the Court must resolve those issues in favor of arbitration).

The Eleventh Circuit has made clear that courts reviewing an arbitration agreement under the FAA must compel arbitration upon a showing that (1) a written enforceable arbitration agreement exists between the parties; and (2) the claims before the court fall within the scope of that agreement. See Anderson v. Am. Gen. Ins., 688 F. App'x 667, 669 (11th Cir. 2017); see also Federal Arbitration Act, 9 U.S.C. §2.

An arbitration agreement governed by the FAA, like the Arbitration Agreement here, is presumed to be valid and enforceable. See Palidino v. Avnet Computer Technologies, Inc., 134 F.3d 1054, 1057 (11th Cir. 1998) ("The FAA creates a presumption in favor of arbitrability"). The Court considers a motion to compel arbitration under a summary judgment-like standard and may decide the motion as a matter of law where there is no genuine dispute of fact. Bazemore v. Jefferson Capital Sys., LLC, 827 F.3d 1325, 1333 (11th Cir. 2016) (district court may conclude as a matter of law that parties did or did not enter into an arbitration agreement if there is no genuine dispute as to any material fact concerning the

formation of such an agreement).

### III. DISCUSSION

As a threshold matter, however, this Court must determine the proper decision maker to resolve the issue of arbitrability. The United States Supreme Court acknowledged the right of parties to include delegation clauses in arbitration agreements, whereby they "agree to arbitrate 'gateway ' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63, 68-69 (2010). Any challenge to the validity or enforceability of the entire agreement is subject to arbitration and must be left for the arbitrator to resolve. Id. at 70-71.

When parties agree to arbitrate all disputes between them, questions concerning the validity of the contract are to be resolved by the arbitrator in the first instance, not by a federal or state court. Preston v. Ferrer, 552 U.S. 346, 349 (2008). The law is clear that parties may bar courts from deciding whether a dispute is arbitrable by "clearly and unmistakably" contracting for an arbitrator to determine arbitrability. See Henry Schein, Inc. v. Archer & White Sales, Inc., 139 S.Ct. 524, 527-528 (2019). Thus, "when . . . parties explicitly incorporate rules that empower an arbitrator to decide issues of arbitrability, the incorporation serves as clear and unmistakable evidence of the parties' intent to delegate such issues to an arbitrator." Terminix Int'l Co. v. Palmer Ranch Ltd., 432 F.3d 1327, 1332 (11th Cir.

2005).

In this case, the delegation of these threshold determinations to the arbitrator is unequivocal. "Plaintiffs recognize that the agreements contain delegation provisions that require the arbitrator, and not this Court, to determine the threshold arbitration issues." (ECF No. 37 at 2)

The undersigned finds that it is undisputed that the seventy-three persons identified by the parties entered into the Mandatory Arbitration Agreement which contained an arbitration clause expressly covering the claims contained within this action. Therefore, the undersigned finds that the request to arbitrate these claims are proper, and claims regarding "validity and enforceability" must be presented to the arbitrator. (ECF No. 37 at 2) Because there is no dispute as to the clear and unmistakable delegation of the threshold issues to the arbitrator, this Court should compel arbitration.

Therefore, applying the required summary judgment-like standard required in assessing a motion to compel arbitration, see Bazemore, 827 F.3d at 1333, there is no genuine dispute of fact. The undisputed evidence in the record demonstrates that the parties entered into an arbitration agreement in the Mandatory Arbitration Agreement and that Plaintiffs agreed to arbitrate any disputes against Defendant pursuant to the arbitration provision. Both the FAA—which creates a strong presumption in favor of enforcing arbitration agreements—and federal and state court precedent mandate the arbitration of these Plaintiffs' claims.

Plaintiffs request that the District Judge stay this action instead of dismissing it. Defendant argues that the case should be dismissed without prejudice as to these Plaintiffs. When a case is subject to binding arbitration, it is within the district court's discretion whether to stay or dismiss a case. Envision HealthCare Corp. v. United HealthCare Ins. Co., 311 F. Supp. 3d 1322, 1325 (S.D. Fla. 2018) (finding dismissal without prejudice appropriate where case was pending less than two months and the alleged violations occurred within the last five years, such that the statute of limitations would not be implicated); Wolfe v. Carnival Corp., 423 F. Supp. 3d 1347, 1349 (S.D. Fla. 2019) (stating that when all the issues in the case are subject to arbitration, the district court has discretion to dismiss a case, rather than stay it). This decision is more properly left to the District Court Judge.

## **CONCLUSION**

Having carefully considered the Motion, the Response, the court file and the applicable case law, and finding no Reply necessary, it is hereby

RECOMMENDED that Defendant's Motion to Compel Arbitration be GRANTED. Plaintiff requests that the case be stayed as to the seventy-three Plaintiffs at issue rather than be dismissed without prejudice. The undersigned leaves this decision to the District Court Judge since it is in his discretion to do

either. As previously stated, Defendant's Motion for Partial Summary Judgment and unrelated arguments regarding the Motion to Dismiss will be addressed by the District Court Judge pending a determination on the Motion to Compel Arbitration.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable William P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report, except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 8th day of October.

/s/ Lurana S. Snow
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

All Counsel of Record